David J. Bodney (006065)
Email: bodneyd@ballardspahr.com
Jonathon A. Talcott (030155)
Email: talcottj@ballardspahr.com
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

Hara K. Jacobs*
Email: jacobsh@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

BALLARD SPAHR LLP
Attorneys for Plaintiffs

* *Pro Hac Vice* motion pending

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smith & Wesson Holding Corporation and Smith & Wesson Corp., <br><br> Plaintiffs, <br><br> vs. <br><br> The Wuster d/b/a Airsplat.com;  Evike.com Inc.; GI Toys Holding, Inc. d/b/a/ Airsoft GI, GI Tactical, and GI Tactical TX; and DogTag Airsoft, Inc., <br><br> Defendants. | CASE NO. _____ <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Smith & Wesson Holding Corporation and Smith & Wesson Corp.

("Smith & Wesson" or "Plaintiffs"), by their undersigned counsel, as and for their

Complaint against Defendants The Wuster d/b/a Airsplat.com ("Airsplat"), Evike.com

Inc. ("Evike"), GI Toys Holding, Inc. d/b/a/ Airsoft GI, GI Tactical, and GI Tactical TX

("Airsoft GI") and DogTag Airsoft, Inc. ("DogTag") (collectively, "Defendants"), allege

as follows:

## NATURE OF THE ACTION

1.      Plaintiff Smith & Wesson, one of the first firearm manufacturers in the United States, launched its now iconic polymer frame M&P® pistols in 2005.  Smith & Wesson has, for several years, licensed the trade dress of its M&P® pistols for airsoft guns – guns that discharge plastic projectiles that are used for training, recreational games, and competitions throughout the United States.  Defendants import, market, and sell airsoft guns.  Defendants are marketing and selling unlicensed and unauthorized airsoft guns (the "Infringing Products") that are virtual replicas of Smith & Wesson's M&P® pistols to capitalize on the fame and popularity of the M&P® pistols.  Smith & Wesson is seeking injunctive relief and monetary damages arising from Defendants' knowing and willful infringement of Smith & Wesson's federally registered trademarks, the trade dress of Smith & Wesson's M&P® pistols, and of U.S. Patent No. 7,506,469, which is directed to the configurable grip of Smith & Wesson's M&P® pistols.

## PARTIES

2.      Plaintiff Smith & Wesson Holding Corporation is a Nevada corporation with a corporate office located in Scottsdale, Arizona.  Smith & Wesson Holding Corporation transacts business in Arizona and elsewhere.

3.      Plaintiff Smith & Wesson Corp. is a Delaware corporation with its principal place of business located at 2100 Roosevelt Avenue, Springfield, Massachusetts 01104, and is a wholly owned subsidiary of Smith & Wesson Holding Corporation.  Smith & Wesson transacts business in Arizona and elsewhere.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ  85004-2555

2

4.     Upon information and belief, Defendant The Wuster d/b/a Airsplat.com is a California corporation with its principal place of business at 3809 Durbin Street, Irwindale, California 91706.

5.     Upon information and belief, Defendant Evike.com Inc. is a California corporation with its principal place of business at 2801 West Mission Road, Alhambra, California 91803.

6.     Upon information and belief, Defendant GI Toys Holding, Inc. d/b/a Airsoft GI, GI Tactical, and GI Tactical TX is a California corporation with offices located at 100-A North Providence Rd, North Chesterfield, Virginia 23235; 4720 Highway 121 Suite #160, Plano, Texas 75024; and 21077 Commerce Pointe Dr., Walnut, California 91789.

7.     Upon information and belief, Defendant DogTag Airsoft, Inc. is a California corporation with its principal place of business at 1863 West San Carlos Street, San Jose, California 95128.

## JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over Defendant Airsplat because it has purposefully directed its activities to Arizona by knowingly and intentionally marketing and selling the Infringing Products through its website located at www.airsplat.com to consumers throughout the United States, including this judicial district, and by cultivating Arizona consumers for the Infringing Products by sponsoring teams and events located in the State of Arizona.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

9.      This Court has personal jurisdiction over Defendant Evike because it has purposefully directed its activities to Arizona by knowingly and intentionally marketing and selling the Infringing Products through its website located at www.evike.com to consumers throughout the United States, including this judicial district.

10.     This Court has personal jurisdiction over Defendant Airsoft GI because it has purposefully directed its activities to Arizona by knowingly and intentionally marketing and selling the Infringing Products through its website located at www.airsoftgi.com to consumers throughout the United States, including this judicial district, and by cultivating Arizona consumers for the Infringing Products by sponsoring events located in the State of Arizona.

11.     This Court has personal jurisdiction over Defendant DogTag because it has purposefully directed its activities to Arizona by knowingly and intentionally marketing and selling the Infringing Products through its website located at www.dogtagairsoft.com to consumers throughout the United States, including this judicial district.

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

13.     Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

### SMITH & WESSON'S M&P® PISTOLS AND M&P® TRADE DRESS

14.     Smith & Wesson, founded in 1852, has been manufacturing and selling firearms, personal protection, and security products and services for over 160 years. Smith & Wesson has maintained its position as a leader in the firearm industry to this

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

day.

15.     In 2005, Smith & Wesson launched its M&P® pistol series, beginning with the M&P40 and M&P9 pistols (in calibers .40S&W and 9mm, respectively).   Shortly thereafter, Smith & Wesson also introduced the M&P357 pistol (in caliber .357 SIG).  These pistols (collectively, the "M&P® pistols") represented Smith & Wesson's then-newest entrants into the polymer frame pistol category.  The M&P® pistols were immediately recognized for their shared unique and distinctive appearance, separating them from every other existing polymer frame pistol on the market.  The M&P® pistol design was a tremendous hit.  Photographs of Smith & Wesson's M&P® pistols are attached hereto as Exhibit A and are made a part hereof by reference.

16.     The overall look and feel of the M&P® pistols (the "M&P® Trade Dress") is the culmination of creative selection and decision-making by Smith & Wesson's engineering team to create a memorable and distinctive overall look and appearance for its M&P® pistols; one that would immediately resonate with the relevant public as a Smith & Wesson and that, over time, would be uniquely associated with the reemerging M&P® brand.

17.     The M&P® Trade Dress includes the wavy lines on the pistol's grip, the grip angle, the equipment rail, the seven-scalloped slide serrations, the placement, shape, and features of the slide, the rear and front sights, the beavertail, the slide-stop lever, the rotating take-down lever, and the reversible magazine release.

18.     Smith & Wesson's M&P® pistols have achieved great commercial success

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

and public renown.  Within the first five years on the market, sales of Smith & Wesson's M&P® pistols exceeded $100 million.  Sales of Smith & Wesson's M&P® pistols exceed $375 million to date.

19.     Since the introduction of the M&P® Trade Dress, Smith & Wesson has sold more than one million pistols embodying the M&P® Trade Dress.

20.     The M&P® pistols have been the subject of unsolicited media attention from major publications focusing on the firearm industry.  Several of these publications have devoted their attention to the unique and distinctive look of the M&P® pistol design noting, for example, that the design "does not resemble any other popular gun," "is distinctly Smith & Wesson . . . and has its own look," and that it is "characteristic" of Smith & Wesson pistols.

21.     The M&P® Trade Dress has transcended traditional advertising and promotional channels for firearms through the inclusion of M&P® pistols in Hollywood blockbuster movies and award winning television programs.

22.     M&P® pistols have appeared in Hollywood movies such as *Iron Man 2*, *Iron Man 3*, *The Avengers*, *Captain America: Winter Soldier*, *Total Recall*, *Bourne Legacy*, *Rush Hour 3*, and *The Town*.

23.     M&P® pistols have appeared in Emmy award-winning television shows such as *The Good Wife* and *The Walking Dead*, as well as many other popular television shows including *The Wire*, *The Shield*, *CSI: New York*, *NCIS: Los Angeles*, *True Blood*, *Bones*, *Criminal Minds*, and *Marvel Agents of S.H.I.E.L.D.*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

6

## THIRD PARTY LICENSES FOR THE M&P® TRADE DRESS

24.     The M&P® Trade Dress is embodied, not only in M&P® pistols, but in airsoft guns, air guns, and non-firing training guns manufactured and sold by third parties under licenses with Smith & Wesson.

25.     Airsoft guns discharge plastic projectiles and may be operated using compressed gas, spring-driven pistons, electronic pistons, or a combination of electronic and spring-driven pistons.  Air guns may discharge pellet or BB projectiles made of metal or rubber.  Non-firing training guns are typically molded out of solid polymer and do not discharge bullets or projectiles of any kind.

26.     Airsoft guns and air guns are used for training, recreational games, and competitions throughout the United States.  Non-firing guns are typically used by law enforcement for training purposes.

27.     Consumers seek out airsoft guns, air guns and non-firing training guns because, as representative equivalents of the actual firearms, they provide accurate training and recreational platforms at a lower cost.

28.     Airsoft pistols are distinguished from actual firearms with an orange tip at the end of the airsoft pistol, which is required by federal law and related regulations.

29.     The commercial success of licensed airsoft and air guns embodying the M&P® Trade Dress has been substantial.  Since the introduction of the first licensed airsoft gun embodying the M&P® Trade Dress in 2010, Smith & Wesson's licensees have sold more than 500,000 airsoft guns and air guns.  This is in addition to the more than one million M&P® pistols that Smith & Wesson has manufactured and sold to

consumers.

**SMITH & WESSON'S FEDERALLY REGISTERED TRADEMARKS**

30.      Smith & Wesson re-launched its M&P® brand for firearms in 2005 and is directly and through its licensees presently using the M&P® mark to designate the source of its firearms, airsoft guns, air guns, non-firing training guns, and other security and safety products.

31.      Smith & Wesson is the owner of a federal registration for the mark M&P® for "firearms" (Reg. No. 4,194,679), which registration has been valid and subsising since August 21, 2012.  A printout of the pertinent information concerning the M&P® registration is attached hereto as Exhibit B.

32.      Smith & Wesson, directly and through its licensees, uses its  logo (the "M&P® Logo") to designate the source of its firearms, airsoft guns, air guns, non-firing training guns, and other security and safety products.

33.      Smith & Wesson is the owner of a federal registration for the  logo for "airsoft guns for recreational purposes" (Reg. No. 4,605,625), which registration has been valid and subsising since September 2014.  A printout of the pertinent information concerning this registration is attached hereto as Exhibit C.

34.      Smith & Wesson has used its corporate logo  (the "Meatball Logo") to designate the source of its firearms since 1878, and is directly and through its licensees

8

presently using the ⬡ logo on its firearms, airsoft guns, air guns, non-firing training guns, and other security and safety products.

35.    Smith & Wesson is the owner of an incontestable federal registration for the logo ⬡ for "firearms; namely, handguns, revolvers, pistols, gun cases, holsters and pouches for ammunition and shooting accessories" (Reg. No. 1,724,977), which registration has been valid and subsisting since October 20, 1992.  A printout of the pertinent information concerning the Meatball Logo registration is attached hereto as Exhibit D.

36.    Smith & Wesson has used its mark SMITH & WESSON® to designate the source of its firearms since 1857, and is directly and through its licensees presently using the mark SMITH & WESSON® on its firearms, airsoft guns, air guns, non-firing training guns, and other security and safety products.

37.    Smith & Wesson is the owner of an incontestable federal registration for the mark SMITH & WESSON® for "revolvers and pistols" (Reg. No. 95,164), which registration has been valid and subsisting since February 1914.  A printout of the pertinent information concerning this registration is attached hereto as Exhibit E.

38.    The M&P® mark, **M&P** logo, SMITH & WESSON® mark and ⬡ logo are inherently distinctive when used in connection with firearms, airsoft guns, air guns, and non-firing training guns.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

9

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

39.   The goods offered and provided under the M&P® mark,  logo, SMITH & WESSON® mark and logo have been well received, and the goodwill generated by the use of the M&P® mark, logo, SMITH & WESSON® mark and logo has been and is substantial.

40.   The M&P® mark, logo, SMITH & WESSON® mark and logo have become well and favorably known to the relevant trade and public and have been and are associated with Smith & Wesson as a result of the quality of the goods sold by Smith & Wesson and as a result of the extant activities of Smith & Wesson and its authorized licensees, including continuous and extensive promotion of firearms, airsoft guns, air guns, and non-firing training guns under the M&P® mark, logo, SMITH & WESSON® mark and  logo.

**SMITH & WESSON'S U.S. PATENT NO. 7,506,469**

41.   On March 24, 2009, the United States Patent and Trademark Office issued United States Patent No. 7,506,469 (the "'469 Patent") to inventors Michael J. Poulin and Sean O'Clair, who duly assigned all of their rights, interest, and title in the '469 Patent to Smith & Wesson.

42.   The '469 Patent is titled "Firearm Frame with Configurable Grip."  The

10

'469 Patent contains one independent claim and eight dependent claims.  A true and correct copy of the '469 Patent is attached as Exhibit F.

43.     The '469 Patent is generally directed towards a configurable firearm grip. The claims of the '469 Patent recite a fixed grip portion having a first standoff element extending outwardly therefrom, and a removable grip portion having a second standoff element extending outwardly therefrom.  The standoff elements have aligned bores that receive a rotatable and removable locking element that secures the fixed grip and removable grip portions.

44.     Smith & Wesson currently, and throughout the period of the Defendants' infringing acts, has held all rights, interest, and title to the '469 Patent.

45.     The claims of the '469 Patent do not cover any ornamental aspects of the M&P® Trade Dress.  Instead, the claims of the '469 Patent cover the functional removability and interchangeability of the configurable grip, not the overall look and feel of the exterior of the grip.

## DEFENDANTS' INFRINGING PRODUCTS

46.     Defendants are selling, offering to sell, advertising and, upon information and belief, importing airsoft pistols that are slavish copies and virtual replicas of the M&P® pistols and M&P Trade Dress, and are doing so using Smith & Wesson's federally registered trademarks.

47.     Defendants are using, selling, offering to sell, and upon information and belief, importing airsoft pistols and portions thereof, that embody the patented invention of the '469 Patent without authorization and thus are infringing this patent.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

48.     Defendant Airsplat is selling, offering to sell, advertising and, upon information and belief, importing the following Infringing Products (collectively, the "Airsplat Infringing Products") shown in Exhibit G:

    a.  GP-TM-SW-P9.  http://www.airsplat.com/tokyo-marui-sw-m-p9-gas-blowback-pistol.html

    b.   GP-WE-PBB01-BLK.  http://www.airsplat.com/we-mp9-big-bird-airsoft-gbb-gas-gun-blk.html

    c.  GP-WE-PBB01-BLU.  http://www.airsplat.com/we-mp9-big-bird-airsoft-gbb-gas-gun-blue.html

    d.  GP-WE-PBB01-TAN.  http://www.airsplat.com/we-mp9-big-bird-airsoft-gbb-gas-gun-tan.html

49.     Airsplat Model GP-TM-SW-P9 is a counterfeit because, in addition to replicating the overall look and feel of the M&P® Trade Dress, the product is emblazoned with the SMITH & WESSON® mark, logo, and logo. Attached hereto as Exhibit H is a side-by-side comparison of an authentic M&P® pistol and Airsplat Model GP-TM-SW-P9.

50.     Defendant Evike is selling, offering to sell, advertising and, information and belief, importing the following Infringing Products (collectively, the "Evike Infringing Products") shown in Exhibit I:

    a.  BY171-WE-Bigbird.  http://www.evike.com/products/44120/

    b.  GP-WE-BB-BK.  http://www.evike.com/products/42287/

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

c.  GP-WE-BBA-BK.  http://www.evike.com/products/46330/

d.  GP-WE-BB-BL.  http://www.evike.com/products/42289/

e.  GP-WE-BBA-DE.  http://www.evike.com/products/46331/

f.  GP-WE-BB-DE.  http://www.evike.com/products/42288/

g.  GP-WE-BB-P.  http://www.evike.com/products/42290/

51.     Defendant Evike is selling, offering to sell, advertising and, upon information and belief, importing the following products (collectively, the "Evike Infringing M&P Magazines"):

a.  MAG-WE-BBCO2.  http://www.evike.com/products/44773/

b.  MAG-WEBBKit.  http://www.evike.com/products/44772/

c.  MAG-WE-B-50.  http://www.evike.com/products/43207/

d.  MAG-WE-BB-G.  http://www.evike.com/products/43068/

52.     Defendant DogTag is selling, offering to sell, advertising and, upon information and belief, importing the following Infringing Products (collectively, the "DogTag Infringing Products") shown in Exhibit J:

a.  GP-WE-MLEC-LOWER-B.

http://dogtagairsoft.com/index.php?main_page=product_info&products_id=220#.VM_vJ0TaX5M

b.  GP-WE-MLE-LOWER-B.

http://dogtagairsoft.com/index.php?main_page=product_info&products_id=217

c.  GP-WE-MLEC-LOWER-T

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

13

http://dogtagairsoft.com/index.php?main_page=product_info&products_id=221

     d.  GP-WE-MLE-LOWER-T

http://dogtagairsoft.com/index.php?main_page=product_info&products_id=218#.VM_wEETaX5M

     e.  GP-WE-MLE-UPPER

http://dogtagairsoft.com/index.php?main_page=product_info&cPath=114_115&products_id=216#.VNFVPETaX5M

     f.  GP-WE-MLEC-UPPER

http://dogtagairsoft.com/index.php?main_page=product_info&cPath=114_115&products_id=219

53.     Defendant Airsoft GI is advertising, offering to sell, and, upon information and belief, selling, and importing the following Infringing Products (collectively, the "Airsoft GI Infringing Products") shown in Exhibit K:

     a.  WE-BB-001-BK

http://www.airsoftgi.com/product_info.php?cPath=139_25_130&products_id=12336

     b.  WE-BB001-FDE

http://www.airsoftgi.com/product_info.php?cPath=139_25_130&products_id=12337

54.     A comparison of Smith & Wesson's M&P® pistols and Defendants' Infringing Products demonstrates Defendants' willful intention to copy the M&P® Trade Dress.  Attached hereto as Exhibit L is a side-by-side comparison of an authentic M&P® pistol and an Infringing Product being advertised, offered for sale and sold by Defendants

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Airsplat, Evike, and Airsoft GI.

55.     Consumers who encounter Defendants' Infringing Products recognize that the design of the product originates with Smith & Wesson.

56.     Defendants' copying of the M&P® Trade Dress is for the purpose of trading off the substantial goodwill that Smith & Wesson has established through its manufacture, promotion and sale of its M&P® pistols for nearly a decade, and through its licenses for the use of the M&P® Trade Dress for airsoft guns, air guns, and non-firing training guns manufactured and sold by third parties.

57.     Defendants' copying and use of the M&P® Trade Dress for airsoft guns – including the wavy lines on the pistol's grip, the grip angle, the equipment rail, the seven-scalloped slide serrations, the placement, shape, and features of the slide, the rear and front sights, the beavertail, the slide-stop lever, the rotating take-down lever, and the reversible magazine release – are likely to confuse consumers into believing that Defendants' Infringing Products are associated, affiliated, connected with, or are sponsored, endorsed, approved or licensed by Smith & Wesson, when that is untrue.

58.     Defendants have used and continue to use the M&P® Trade Dress with knowledge of Smith & Wesson's prior and superior rights and, on information and belief, have done so willfully, intentionally, knowingly and in bad faith.

**DEFENDANTS ADVERTISE THE INFRINGING PRODUCTS USING SMITH & WESSON'S FEDERALLY REGISTERED TRADEMARKS**

59.     Defendant Airsplat advertises and markets the Airsplat Infringing Products using Smith & Wesson's federally registered SMITH & WESSON mark, Meatball Logo,

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

M&P® Logo, and M&P® mark, and by falsely identifying one product as an "M&P9" and other products as "MP9."

60.     Defendant Evike advertises and markets the Evike Infringing Products and Evike Infringing M&P Magazines using Smith & Wesson's M&P® mark by falsely identifying several products as part of the "M&P Series."

61.     Defendant DogTag advertises and markets the DogTag Infringing Products using Smith & Wesson's M&P® mark by falsely identifying each product as an "M&P."

62.     Defendant Airsoft GI advertises and markets the Airsoft GI Infringing Products using Smith & Wesson's M&P® mark by repeatedly referencing Smith Wesson's "M&P" brand and by touting that the products are replications of "the real S&W M&P."

**FIRST CAUSE OF ACTION**

**(Trade Dress Infringement in Violation of the Lanham Act 15 U.S.C. § 1125(a))**
**(All Defendants)**

63.     Plaintiffs repeat and reallege paragraphs 1 through 62 as though fully set forth herein.

64.     The M&P® Trade Dress has acquired distinctiveness, is not functional, and is protected under § 43(a) of the Lanham Act as demonstrated by, *inter alia*, Smith & Wesson's intention in creating the ornamental M&P® Trade Dress, the substantial commercial success of the M&P® pistols, unsolicited press attention received by the M&P® pistols and the M&P® Trade Dress, licenses for the M&P® Trade Dress and the commercial success of those licensed products, consumer recognition of the M&P®

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

16

Trade Dress, Smith & Wesson's substantially exclusive use of the M&P® Trade Dress since its creation, and Defendants' intent to capitalize on the public recognition of and goodwill enjoyed by the M&P® Trade Dress.

65.     Defendants' copying, imitation, and use of the M&P® Trade Dress are without Plaintiffs' permission or authority.

66.     Defendants' activities are likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause consumers to believe that Plaintiffs are the source of, or have authorized, licensed or are otherwise connected or affiliated with Defendants' airsoft guns, all to Plaintiffs' detriment.

67.     Defendants' acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     On information and belief, Defendants' activities are willful.

69.     As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained and will continue to sustain substantial damages.

70.     Further, as a result of Defendants' conduct described above, Plaintiffs have sustained and will sustain irreparable injury for which no adequate remedy at law exists.

## SECOND CAUSE OF ACTION

### (False Designation of Origin in Violation of the Lanham Act, 15 U.S.C. § 1125(a))

### (All Defendants)

71.     Plaintiffs repeat and reallege paragraphs 1 through 70 as though fully set forth herein.

72.     Smith & Wesson's mark M&P® is distinctive when used in connection

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

with firearms, airsoft guns, air guns, and non-firing training guns by virtue of the substantially exclusive and extensive use of the mark in commerce by Smith & Wesson and its authorized licensees.

73.      Smith & Wesson's M&P® Logo is distinctive when used in connection with firearms, airsoft guns, air guns, and non-firing training guns by virtue of the substantially exclusive and extensive use of the mark in commerce by Smith & Wesson and its authorized licensees.

74.      Smith & Wesson's Meatball Logo is distinctive when used in connection with firearms, airsoft guns, air guns, and non-firing training guns by virtue of the substantially exclusive and extensive use of the mark in commerce by Smith & Wesson and its authorized licensees.

75.      Smith & Wesson's mark SMITH & WESSON® is distinctive when used in connection with firearms, airsoft guns, air guns, and non-firing training guns by virtue of the substantially exclusive and extensive use of the mark in commerce by Smith & Wesson and its authorized licensees.

76.      Defendants' use of the M&P® Trade Dress to sell copycat airsoft guns constitutes a false designation of origin and a false representation that Defendants' airsoft guns are manufactured, sponsored, authorized, licensed by or are otherwise connected or affiliated with Plaintiffs, or come from the same source as Plaintiffs' pistols and airsoft guns in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.      Defendant Airsplat's use of the M&P® Logo, Meatball Logo, SMITH &

WESSON® mark, and use of the marks "M&P9" and "MP9" for airsoft guns constitutes a false designation of origin and a false representation that Airsplat's airsoft guns are manufactured, sponsored, authorized, licensed by or are otherwise connected or affiliated with Plaintiffs, or come from the same source as Plaintiffs' pistols and airsoft guns in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.     Defendant Evike's use of the mark "M&P Series" for airsoft guns and magazines constitutes a false designation of origin and a false representation that Evike's airsoft guns are manufactured, sponsored, authorized, licensed by or are otherwise connected or affiliated with Plaintiffs, or come from the same source as Plaintiffs' pistols and airsoft guns in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendant DogTag's use of the mark "M&P" for airsoft guns constitutes a false designation of origin and a false representation that DogTag's airsoft guns are manufactured, sponsored, authorized, licensed by or are otherwise connected or affiliated with Plaintiffs, or come from the same source as Plaintiffs' pistols and airsoft guns in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendant Airsoft GI's use of the mark "M&P" for airsoft guns constitutes a false designation of origin and a false representation that DogTag's airsoft guns are manufactured, sponsored, authorized, licensed by or are otherwise connected or affiliated with Plaintiffs, or come from the same source as Plaintiffs' pistols and airsoft guns in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

81.     Defendants' actions and statements are false, misleading, and material to

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

the consuming public and are likely to deceive a substantial portion of the consuming public.

82.     On information and belief, Defendants' activities are willful.

83.     As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained and will continue to sustain substantial damages.

84.     Further, as a result of Defendants' conduct described above, Plaintiffs have sustained and will sustain irreparable injury for which no adequate remedy at law exists.

### THIRD CAUSE OF ACTION

### (Trademark Infringement in Violation of 15 U.S.C. § 1114(a))

### (All Defendants)

85.     Plaintiffs repeat and reallege paragraphs 1 through 84 as though fully set forth herein.

86.     Smith & Wesson owns a valid, subsisting federal registration for the mark M&P® for "firearms" (Reg. No. 4,194,679).

87.     Smith & Wesson owns a valid, subsisting federal registration for the logo

 for "airsoft guns for recreational purposes" (Reg. No. 4,605,625).

88.     Smith & Wesson owns a valid, subsisting federal registration for the logo

 for "firearms; namely, handguns, revolvers, pistols, gun cases, holsters and pouches for ammunition and shooting accessories" (Reg. No. 1,724,977).

89.     Smith & Wesson owns a valid, subsisting federal registration for the mark SMITH & WESSON for "revolvers and pistols" (Reg. No. 95,164).

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

90.     Defendant Airsplat's use of the SMITH & WESSON® mark,  logo, and  logo, and use of the marks "M&P9" and "MP9" for airsoft guns are without Plaintiffs' permission or authority.

91.     Defendant Evike's use of the mark "M&P Series" for airsoft guns and magazines is without Plaintiffs' permission or authority.

92.     Defendant DogTag's use of the mark "M&P" for airsoft guns is without Plaintiffs' permission or authority.

93.     Defendant Airsoft GI's use of the mark "M&P" for airsoft guns is without Plaintiffs' permission or authority.

94.     Defendants' activities are likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause consumers to believe that Plaintiffs are the source of, or have authorized, licensed or are otherwise connected or affiliated with Defendants' Infringing Products, all to Plaintiffs' detriment.

95.     Defendants' acts violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(a).

96.     On information and belief, Defendants' activities are willful.

97.     As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained and will continue to sustain substantial damages.

98.     Further, as a result of Defendants' conduct described above, Plaintiffs have sustained and will sustain irreparable injury for which no adequate remedy at law exists.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

**FOURTH CAUSE OF ACTION**

**(Patent Infringement in Violation of 35 U.S.C. § 271, *et seq.*)**

**(All Defendants)**

99.     Plaintiffs repeat and reallege paragraphs 1 through 98 as though fully set forth herein.

100.    By making, using, selling, offering to sell, and upon information and belief, importing the Airsplat Infringing Products, Evike Infringing Products, DogTag Infringing Products, and Airsoft GI Infringing Products that embody the '469 Patent, each Defendant has infringed and is still infringing at least one claim in the '469 Patent literally and/or under the doctrine of equivalents.  Each Defendant is causing irreparable harm to Plaintiff and will continue to do so unless enjoined by this Court.

101.    Smith & Wesson has complied with the statutory requirement under 35 U.S.C. § 287 by placing a notice of the '469 Patent on the M&P® pistols it manufactures and sells.  Defendants thus have constructive knowledge and, at a minimum, have actual knowledge of the '469 Patent as of the date of this Complaint.

102.    Defendant AirSplat is selling licensed M&P® airsoft pistols in addition to selling the Airsplat Infringing Products.  AirSplat has actual notice of the '469 Patent at least by virtue of its purchase and resell of marked M&P® airsoft pistols.

103.    Defendant Airsoft GI touts that the Airsoft GI Infringing Products are replicas of "the real S&W M&P."  Airsoft GI has actual notice of the '469 Patent at least by virtue of its knowledge that the Airsoft GI Infringing Products are replicas of the marked M&P® airsoft pistols.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

104.    Defendant Evike touts that the Evike Infringing Products are "based on a real firearm" and markets that the products are part of the "M&P Series."  Evike has actual notice of the '469 Patent at least by virtue of its knowledge that the Evike Infringing Products are based on the marked M&P® airsoft pistols.

105.    Defendant DogTag markets the DogTag Infringing Products as "M&P." DogTag has actual notice of the '469 Patent at least by virtue of its knowledge that the DogTag Infringing Products are based on the marked M&P® airsoft pistols.

106.    The Airsplat Infringing Products, Evike Infringing Products, DogTag Infringing Products, and Airsoft GI Infringing Products are each a replica of the M&P® pistol, including the patented configurable hand grip portions thereof, such that it can reasonably be inferred that each Defendant knew or should have known that such products intentionally copied the design and functionality of the marked pistols in blatant disregard of Smith & Wesson's rights in the'469 Patent.

107.    Each Defendant has been and continues to willfully infringe the '469 Patent because each has acted and continues to act despite an objectively high likelihood that its actions constitute infringement of a valid patent, and Defendants knew or should have known of this risk.

**FOURTH CAUSE OF ACTION**

**(Common Law Unfair Competition)**

**(All Defendants)**

108.    Plaintiffs repeat and reallege paragraphs 1 through 107 as though fully set forth herein.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

109.    Smith & Wesson owns common law trademark rights in its M&P® Trade

Dress, M&P® mark,  logo, SMITH & WESSON® mark and  logo

throughout the United States and in the State of Arizona.

110.    Defendants' advertising, sale and offer to sell the Infringing Products using

the M&P® Trade Dress, the M&P® mark, M&P® Logo, SMITH & WESSON® mark

and Meatball Logo is for the purpose of trading off Smith & Wesson's reputation and

goodwill, garnered through its more than 160 year history in the firearms industry, and is

likely to cause confusion with and infringe Smith & Wesson's rights in its M&P® Trade

Dress, M&P® mark, M&P® Logo, SMITH & WESSON® mark and Meatball Logo.

111.    Defendants' acts constitute unfair competition under Arizona common law.

112.    On information and belief, Defendants' activities are willful.

113.    As a direct and proximate result of Defendants' conduct, Plaintiffs have

sustained and will continue to sustain substantial damages.

114.    Further, as a result of Defendants' conduct described above, Plaintiffs have

sustained and will sustain irreparable injury for which no adequate remedy at law exists.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

(A)    A permanent injunction prohibiting and enjoining Defendants, their

officers, directors, agents, attorneys, servants, employees, subsidiaries, affiliates, assigns,

licensees, and anyone in active concert or participation with any of them from:

(1)    using the M&P® Trade Dress, or any trade dress confusingly similar

thereto in connection with the advertising, promotion, offering for sale, or

sale of any product;

(2)     infringing the M&P® Trade Dress in connection with the advertising, promotion, offering for sale, or sale of any product;

(3)     infringing or using the M&P® mark, or any confusingly similar mark thereto;

(4)     infringing or using the **M&P** logo, or any confusingly similar mark thereto;

(5)     infringing or using the  logo, or any confusingly similar mark thereto;

(6)     infringing or using the SMITH & WESSON® mark, or any confusingly similar mark thereto;

(7)     infringing or violating Smith & Wesson's '469 Patent;

(8)     falsely designating, falsely describing, falsely advertising, or falsely representing that Defendants' products are connected with Plaintiffs or are authorized, sponsored, endorsed, or approved by Plaintiffs; or

(9)     unfairly competing with Plaintiffs;

(B)     Ordering Defendants to deliver to Plaintiffs for immediate destruction all airsoft pistols, replica pistols, packaging, print material, and associated advertising, marketing and promotional materials of any kind, and the means for reproducing the same, bearing the M&P® Trade Dress, the

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

SMITH & WESSON mark, the M&P® mark, M&P® Logo or Meatball Logo, or any colorable imitation thereof, in Defendants' possession, custody or control pursuant to 15 U.S.C. § 1118;

(C)     Requiring Defendants to account for and pay over to Plaintiffs all gains, profits and advantages derived from Defendants' wrongful acts;

(D)     Requiring Defendants to account and pay to Plaintiffs adequate compensatory damages attributable to the infringement, including Plaintiffs' lost profits or, at a minimum, a reasonably royalty for the use made of the '469 Patent by the Defendants, together with interest and costs as fixed by the court under 35 U.S.C. § 284;

(E)     Awarding treble damages pursuant to 15 U.S.C. § 1117;

(F)     Awarding statutory damages pursuant to 15 U.S.C. § 1117(c);

(G)     Awarding punitive damages;

(H)     Awarding costs, disbursements and attorneys' fees pursuant to 15 U.S.C. § 1117 and 35 U.S.C. § 285; and

(I)     Awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues and claims so triable.

*        *        *

RESPECTFULLY SUBMITTED this 13th day of February, 2015.

BALLARD SPAHR LLP

By:   *s/ David J. Bodney*
      David J. Bodney
      Jonathon A. Talcott
      1 East Washington Street, Suite 2500
      Phoenix, AZ 85004-2555
      Telephone: 602-798-5400
      Facsimile: 602-798-5595

      Hara K. Jacobs*
      1735 Market Street, 51st Floor
      Philadelphia, PA  19103-7599

      Attorneys for Plaintiffs Smith & Wesson
      Holding Corporation and Smith & Wesson
      Corp.